JOSEPH L. SKELDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27519. Promulgated January 30, 1930.

*Herbert W. Nauts, Esq.,* for the petitioner.
*John D. Kiley, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: Petitioner asks redetermination of a deficiency of $1,589.83 in income taxes for the year 1922, the sole question being the allowability of a bad debt deduction.

Petitioner was owner of 65 per cent of the capital stock of the Joseph L. Skeldon Engineering Co. and held the position of president and general manager. The remainder of the stock was held by the family of Skeldon. In 1921 petitioner, in his personal capacity, advanced or loaned the company various sums, aggregating $28,306.07. About June, 1922, petitioner came to the conclusion that there was no hope of " pulling (the company) out." At this time petitioner entertained no expectation that the advances would be repaid. Thereafter, in October, November and December, 1922, petitioner advanced to the company $10,178. On January 1, 1923, there was an unpaid balance of $11,983.07, which petitioner deducted as a bad debt in his return for 1922. The tax return of the company for 1922 showed total assets of $183,788.25 and total liabilities of $183,788.25, including a surplus of $18,969.52. For the year 1922 the company paid petitioner a salary of $16,752.76. The company return showed a loss of $32,141.27 for the year 1922.

Under the above facts the approval of the action of the respondent is inevitable. The loans or advances were made when, by petitioner's own statement, there was no expectation of repayment. So considered, they were contributions to the company's capital. Though petitioner contends the company was insolvent, the fact remains that it was a going concern and showed a surplus of some $19,000. It had assets which, if petitioner as majority stockholder had chosen to liquidate, would have paid this debt in part, if not in full.

During 1921 and 1922 petitioner loaned the company more than $38,000. Since there was a total of only $11,983.07 unpaid on January 1, 1923, the company evidently repaid $26,000 of this sum during that period. Apply these payments to the oldest advances and it seems that the amount claimed as a bad debt is almost identical with the aggregate advances of October, November and December, 1922. Moreover, we can not fail to observe that during the year 1922, when petitioner claims the company to have been insolvent and unable to pay its debts, it paid petitioner a salary of $16,752.76.

*Decision will be entered for the respondent.*